IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| WILLIE ROY WILSON III,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Case 2:24-CV-067-Z<br>(Criminal Case 2:22-CR-083-Z-BR-1) |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Petitioner Willie Roy Wilson III filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. ECF No. 2. Having considered the motion, the response and reply thereto, the record, and applicable authorities, the Court hereby **DENIES** the motion for the reasons stated below.

**BACKGROUND**

The record in Wilson's underlying criminal case, No. 2:22-CR-083-Z-BR (the "CR"), shows the following:

On March 3, 2023, Wilson pleaded guilty to one count of Affecting Commerce by Robbery in violation of 18 U.S.C. § 951(a) in connection with the armed robbery of a Dollar General store in Amarillo, Texas. CR ECF Nos. 3, 29. The plea agreement, signed by Wilson, acknowledged that the sentence would be solely in the discretion of the Court. CR ECF No. 29. The agreement acknowledged that no guarantees or promises had been made to him as to what the sentence ultimately would be. *Id.* Wilson and his counsel also signed a factual resume setting forth the elements of the indictment and the stipulated facts establishing that Wilson had committed the

offense. CR ECF No. 28.

Wilson testified under oath at his rearraignment hearing that: (1) he had read, understood and discussed the indictment with his attorney; (2) he had read, understood, discussed with his attorney, and signed the plea agreement and factual resume; (3) there were no other promises or agreements that had not been included in the plea agreement; (4) he understood that the maximum period of imprisonment under the agreement was twenty years; (5) he understood that the district judge would decide his sentence; (6) he understood that his attorney could give an opinion but could not promise what his sentence would be; (7) he understood that he was waiving his right to appeal except in limited circumstances; (8) he was guilty of the offense charged, and (9) everything in the factual resume was true and correct. CR ECF No. 59. He further testified that he was fully satisfied with his attorney and the representation and advice that had been given to him in the case. *Id.* at 8–9.

The probation officer then prepared a presentence report ("PSR"), which reflected that Wilson's base offense level was 20. CR ECF No. 39-1 ¶ 34. After increases for special offense characteristics and reductions for acceptance of responsibility, his total offense level was determined to be 29. *Id.* ¶¶ 35–43. The guideline range based upon his plea was 151 to 188 months. *Id.* ¶ 81. In the plea agreement, the government agreed to recommend a sentence of 180 months. CR ECF No. 29 at 3.

On July 11, 2023, the Court sentenced Wilson to a term of imprisonment of 204 months, followed by one year of supervised release. CR ECF No. 47. At sentencing, the Court noted the considerable impact of the plea agreement, in that Wilson could have faced up to an additional ten years of imprisonment without the agreement. CR ECF No. 58 at 8. In discussing the upward variance imposed, the Court explained that the guidelines range and the recommended sentence

did not adequately address the factors set forth in 18 U.S.C. § 3553(a); specifically, it did not sufficiently address Wilson's prior criminal history and the violent nature of the offense. *Id.* at 10–11. The Court further noted that, even if the guideline range had not been calculated correctly, the same sentence would have been imposed. *Id.* at 33. Despite the waiver of his appeal rights contained in the plea agreement, Wilson filed a direct appeal; however, it was dismissed by the Fifth Circuit as frivolous on March 29, 2024. CR ECF No. 61. On April 5, 2024, Wilson timely filed this motion to vacate. CR ECF No. 63.

GROUNDS FOR THE MOTION

Wilson asserts the following grounds in support of his motion:

(1) ineffective assistance of counsel for recommending his plea agreement;

(2) prosecutorial misconduct;

(3) violation of due process; and

(4) sentencing error due to the upward variance.

ECF No. 2 at 2.

STANDARD OF REVIEW

After conviction and exhaustion or waiver of a defendant's right to appeal, courts are entitled to presume that the defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–165 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (same). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the errors. *Id.* at 232.

Section 2255 does not offer recourse to all who suffer trial errors. "[A]n error that may

justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). Section 2255 is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

Section 2255 motions do not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B Jan. 1981); *see also* Rule 8 of the Rules Governing Section 2255 Proceedings. "When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." *Hughes*, 635 F.2d at 451. A prisoner is not entitled to an evidentiary hearing unless he or she "presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). The Court has reviewed the record and concluded that an evidentiary hearing is not necessary because the record categorically refutes Wilson's claims, as set forth below.

**ANALYSIS**

**A. Two of Wilson's Claims are Waived by His Plea Agreement.**

Wilson alleges that prosecutors were "in cahoots" with his attorney in recommending an allegedly excessive 180-month sentence. ECF No. 11 at 1. He further alleges that his due process rights were violated because he was arrested in California and returned to Texas for trial, rather

than allowing him to defend himself in California, a "more lenient circuit" where he "could have made bail in California instead of getting denied like [he] did in Texas." *Id.* at 7. These claims are barred by the waiver contained in his plea agreement:

> The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. **The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.** The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

CR ECF No. 29 at 6 (emphasis added). A knowing and voluntary waiver of the right to bring a collateral attack is an enforceable bar to relief. *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020). Wilson acknowledged in open court that he understood he was giving up his right to appeal in the plea agreement, except for the circumstances listed in the waiver paragraph. CR ECF No. 59 at 18. Wilson's prosecutorial misconduct and due process claims are barred by the waiver. ECF Nos. 2, 11. Wilson does not address the waiver in his motion, nor is there any indication in the record that the waiver is invalid or unenforceable. Accordingly, the Court finds that Wilson waived his right to contest these claims.[1]

---

[1] These claims also are procedurally barred. A defendant "may not raise an issue for the first time on collateral review without showing both cause for his procedural default, and actual prejudice resulting from the error." *Shaid*, 937 F.2d at 232 (internal quotation omitted). Wilson has not shown that "some objective factor external to the defense prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996), *as corrected* (Sept. 25, 1996). He also fails to show that there were errors of constitutional dimension that worked to his "actual and substantial disadvantage," and thus failed to show actual prejudice. *Shaid*, 937 F.2d at 236.

### B. Wilson's Ineffective Assistance Claims.

Wilson's plea waiver expressly excludes ineffective assistance of counsel claims. CR ECF No. 29 at 6. In his motion, Wilson claims that his attorney's performance was deficient by (1) encouraging him to enter into the plea agreement, thereby causing him to agree with the prosecution's sentence recommendation of 180 months contained therein; and (2) failing to ensure that he was not sentenced to more than the agreed-upon 180 months.[2] ECF No. 2 at 4.

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) ("Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim for ineffective assistance of counsel."). Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The likelihood of a different result "must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*,

---

[2] To the extent that this claim is construed as merely a challenge to his sentence, it is waived by the plea agreement and procedurally barred, as set forth *supra*. However, out of an abundance of caution and construing Wilson's motion liberally, the Court will treat it as an unwaived ineffective assistance claim.

466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Wilson's two ineffective assistance claims are intertwined. First, he alleges that counsel was ineffective for encouraging him to agree to the government's 180-month sentencing recommendation, which, he alleges, is five months more than his criminal history warranted.[3] ECF No. 2 at 4. Second, he alleges that counsel was ineffective in preventing a higher sentence than the recommended 180 months. *Id.* at 8. Wilson states that he agreed to the additional five months "in good faith that the judge does not upward departure." ECF No. 11 at 1. He further states he was "blindsided" by the 204-month sentence and that he believed he "was supposed to be signing [a] 180[-] month plea agreement." *Id.* at 10.

Contrary to the claims made in his motion, Wilson's plea agreement represented that his guilty plea was "freely and voluntarily made," and he swore under oath that he read his plea agreement and that his plea was voluntary. *See* CR ECF Nos. 29 at 6, 59 at 11. Specifically, the plea agreement states:

> This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

CR ECF Nos. 29 at 6; 59 at 10. In addition, Wilson testified in open court that no one threatened him or forced him to plead guilty. *Id.* at 11. The record shows that Wilson never attempted to withdraw his guilty plea, which also indicates that his plea was knowing and voluntary.

---

[3]In actuality, the recommended sentence was within the guideline range of 151 to 188 months. *See* CR ECF No. 39-1 ¶ 81.

Significantly, Wilson does not allege that he would have pleaded not guilty but for his counsel's allegedly deficient performance. A guilty plea "is not rendered involuntary by the defendant's mere subjective understanding that he would receive a lesser sentence. In other words, if the defendant's expectation of a lesser sentence did not result from a promise or guarantee by the court, the prosecutor[,] or defense counsel, the guilty plea stands." *Daniel v. Cockrell*, 283 F.3d 697, 703 (internal citations omitted), *abrogated on other grounds* by *Glover v. United States*, 531 U.S. 198 (2001). Further, counsel's inaccurate prediction that a lesser sentence would be imposed also is insufficient to support an ineffective assistance claim. *Id.*

In support of his motion, Wilson provides nothing more than a contradiction of his sworn testimony. "When a defendant's [Section 2255] allegations contradict his sworn testimony given at a plea hearing, we have required more than 'mere contradiction of his statements.'" *Reed*, 719 F.3d at 373 (quoting *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1985)); *see also United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (prisoner seeking habeas relief based on alleged promise must prove "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise."). Wilson provides no evidence of when and where a promise was made, nor does he identify a witness to the promise. Wilson has not shown ineffective assistance by his attorney.

In addition, Wilson was not prejudiced by counsel's actions, even if his allegations are true. Wilson testified in open court that he understood his plea agreement, and that no one had promised him anything that was not contained in the plea documents. CR ECF No. 59 at 9–11. He acknowledged on several occasions that he understood that the Court was not required to accept the sentencing recommendation. His plea agreement states:

> The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The

8

> guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Pursuant to Federal Rule of Criminal Procedure 11(c)(l)(B), the government recommends that the appropriate term of imprisonment in this case is 180 months. However, **the defendant understands that this recommendation is not binding on the Court**, and the defendant will not be allowed to withdraw the defendant's plea if the recommendation is not adopted, if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable guideline range. **The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.**

CR ECF No. 29 at 3 (emphasis added). Wilson also testified in open court that he understood the sentencing recommendation was not binding and that his sentence could be more severe than the recommended 180 months. CR ECF No. 59 at 17–18. He admitted that no one had promised him exactly what his sentence would be. *Id.* at 15–17.

Wilson's solemn declarations in open court are entitled to a presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) ("Solemn declarations in open court carry a strong presumption of verity.") (internal quotation omitted). Likewise, his plea agreement and factual resume are entitled to the same presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985); *see also United States v. Lincks*, 82 F.4th 325 (5th Cir. 2023) (even if counsel gave mistaken sentencing information to movant, movant was not entitled to relief because he disclaimed reliance on counsel's statements in his plea agreement). Wilson's unsupported *post hoc* assertion that he believed his sentence would be only 180 months, after he disclaimed reliance on his counsel's statements in open court, is insufficient to support habeas relief.

For the reasons stated above, Petitioner's motion to vacate is **DENIED**.

9

**SO ORDERED.**

February 10, 2025.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE